IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patrick L. Webster, Jr., | ) | C/A No. 0:20-3688-SAL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF PETITION** |
| | ) | |
| Wellpath Recovery Solutions, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Patrick L. Webster, Jr., a self-represented detainee at the Columbia Regional Care Center run by Wellpath Recovery Solutions, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court finds this action is subject to summary dismissal if Petitioner does not amend the Petition to cure the deficiencies identified herein.

**I.      Factual and Procedural Background**

Petitioner indicates he is detained at the Columbia Regional Care Center ("CRCC") in Columbia, South Carolina where he is receiving mental health treatment. The CRCC is managed by Wellpath Recovery Solutions, a private corporation. Petitioner indicates that he is detained at CRCC by order of the United States Virgin Island Superior Court, though it is not clear whether the order is a civil commitment or a judgment from a criminal proceeding. Petitioner filed this writ of habeas corpus on a standard petition for *pro se* prisoners under 28 U.S.C. § 2241. Petitioner argues that his confinement in South Carolina is unconstitutional because the hearing in the United States Virgin Islands Superior Court violated his right to due process, his admittance to a mental health facility without a proper hearing is cruel and unusual punishment, and the United States

Virgin Islands Department of Mental Health had no authority to send him out of the territory for treatment. Petitioner asks the court to provide him "equal protection of the laws." In a section of the form titled "Request for Relief," Petitioner states "I would like justice, I need the court to grant me equal protection of the law so that I can enjoy the right to liberty as a man." (Pet., ECF No. 1 at 7.)

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915A; the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.     Analysis

Initially, the court notes that it construes this matter as seeking a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554, rather than 28 U.S.C. § 2241, because Petitioner is not a federal inmate.  See In re Wright, 826 F.3d 774, 783 (4th Cir. 2016).  Having carefully reviewed the Petition, the court concludes that the Petition is subject to summary dismissal for failure to state a claim upon which relief can be granted.  Petitioner fails to provide any facts to support his argument that his constitutional rights were violated.  See generally Rule 2(c), Rules Governing Section 2254 Cases (stating a petition filed pursuant to 28 U.S.C. § 2254 must specify all the grounds for relief available to the petitioner and state the facts supporting each ground); Bullard v. Chavis, 153 F.3d 719 (4th Cir. 1998) (Table) ("[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified.  These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.") (quoting Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990)); Petrick v. Thorton, No. 1:09CV551, 2014 WL 6626838, at *5 (M.D.N.C. Nov. 21, 2014) (collecting cases); see also Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation of unlawfulness, devoid of factual support).  Rather, Petitioner provides conclusory statements that his rights were violated and asks the court to review the hearings and evidence because "it's self-explanatory."  (Pet., ECF No. 1 at 6.)  Therefore, Petitioner fails to provide "specific, particularized facts" that show he is entitled to relief.  See Bullard, 153 F.3d 719 ("The primary purpose of Rule 2(c) is to permit the district court to decide, based on the face of

the petition, whether the claims asserted merit further federal habeas corpus review.") (internal quotation marks and citations omitted).

Consequently, the Petition is subject to summary dismissal pursuant to the Rules Governing § 2254 Cases and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Petitioner is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended petition** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[1] In a contemporaneously issued order, the court has provided Petitioner with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro se* § 2254 petition form attached to the order. Petitioner should use the petition form attached to that order to correct the deficiencies identified here. If Petitioner fails to file an amended petition that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to the Rules Governing Section 2254 Cases and § 1915A.

**IT IS SO ORDERED**.

November 23, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important WARNING on the following page.*

---

[1] Any amended petition filed by Petitioner is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A the Rules Governing Section 2254 Cases. Further, Petitioner is reminded that an amended petition replaces the original petition and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).