# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Patrick L. Webster, Jr., <br><br> Petitioner, <br><br> v. <br><br> Wellpath Recovery Solutions, <br><br> Respondent. | Case No.: 0:20-cv-03688-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the Court for review of the January 29, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 14]. In the Report, the Magistrate Judge recommends the District Court dismiss this action without prejudice pursuant to the Rules Governing 28 U.S.C. § 2254 Cases and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. [ECF No. 6 at 4]. Petitioner filed an objection to the report in the form of a letter on February 16, 2021. [ECF No. 19]. For the reasons outlined herein, the Court adopts the Report in its entirety.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific

1

portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Petitioner's objections are generally stated, nonspecific, and conclusory. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, Petitioner's objection fails to direct the court to any specific portion of the Magistrate's proposed findings and recommendations. Instead, the objection reasserts the same unsubstantiated argument from the pleading that Petitioner did not consent to his detainment in Wellpath Recovery Solutions and is thus being held hostage. *See* ECF No. 19. Accordingly, the objections are generally stated, nonspecific, and have the same effect as would a failure to object. Even if this objection was construed as a specific objection, the records[1] from the Superior Court of the Virgin Islands, Division of St. Thomas show that Petitioner was found incompetent to stand trial. *People of the Virgin Islands v. Patrick Webster, Jr.,* No. ST-19-cr-86, 2019 V.I. Super 175U at *4, ¶17 (December 12, 2019). Accordingly, Petitioner was placed in a forensic unit that can provide long term psychiatric care until Petitioner becomes competent to stand trial, or until he is no longer a danger to others and may be housed in a different facility. *Id.* Thus, a federal habeas petition is not ripe because a state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas petition. *See, e.g., Grant v. Royal*, 886 F.3d 874, 888-902 (10th Cir. 2018); *see also* 28 U.S.C. § 2254(b)(1)(A).

Having found that Petitioner fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315;

---

[1] The undersigned takes judicial notice of the records filed in Petitioner's criminal case. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

*Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, this action is DISMISSED without prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

July 12, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."